IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DILJIT SINGH, | : | CIVIL NO. 3:CV-05-2011 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| BUREAU OF IMMIGRATION AND | : | |
| CUSTOMS ENFORCEMENT, et al., | : | |
| Respondents | : | |

FILED
SCRANTON
DEC 28 2005
PER _____
DEPUTY CLERK

## MEMORANDUM

Presently ripe for disposition is Diljit Singh's ("Singh") petition for writ of habeas corpus. (Doc. 1). Singh is a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") who is seeking release from continued indefinite detention. (Doc. 1). For the reasons set forth below, the petition will be denied without prejudice.

## I. Background

Singh, a native and citizen of India, entered the United States at an unknown place and on an unknown date. (Doc. 5-2, p. 2). He was not admitted or paroled after inspection by an immigration officer. On February 28, 2000, the Immigration and Naturalization Service issued a notice to appear informing Singh that he was charged with being subject to removal from the United States in that he was "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (Doc. 5-2, p. 2). On March 8, 2005, he was notified of additional charges of inadmissibility/deportability based upon the fact that he was "convicted on December 6, 2000 in the Court of Common Pleas of Philadelphia, Pennsylvania, of 3 counts of Solicitation to

Commit Involuntary Deviate Sexual Intercourse. . . ." (Doc. 5-2, p. 4). On March 9, 2005, Singh was ordered removed from the United States to India. It does not appear that Singh appealed the decision.

He was taken into ICE custody on February 8, 2005. A Post Order Custody Review was conducted on May 31, 2005. (Doc. 5-2, pp. 29-35). The reviewing officer commented as follows:

> Subject is a registered sex offender wit the Megans Law Unit located in Harrisburg, PA. Due to the nature of the crime, and it involving a minor, this officer believes the subject to be a threat to the community if released.
>
> A travel document request was sent to HQDRO. This officer recently spoke to Tammy Cyr of the Travel Document Unit in HQDRO, she stated that they are still working on the travel document but it may be a few months for issuance. Considering the above facts, this officer recommends that the subject be kept in ICE custody pending the issuance of a TD. If a TD is not received by the 170th day, the subject should be released until one is issued.

(Doc 5-2, p. 35). On June 10, 2005, a decision to continue detention was issued stating the following:

> Your file indicates that you were convicted in the State of Pennsylvania of Involuntary Deviate Sexual Intercourse and Corruption of a Minor. Because of the severity of the crimes, and the fact that they were committed on a minor, the Immigration and Customs Enforcement considers you a threat to the community if released. ICE believes the Indian Embassy is working on issuing a travel document on your behalf.

(Doc. 5-2, p. 37). Singh's custodial status was again reviewed in September 2005 and a decision to continue detention was issued on October 4, 2005. Singh was informed that "[a] request for

a travel document was submitted to the Consulate of India and the process to verify your identity is ongoing. The government of India regularly issues documents to effect the repatriation of its nationals." (Doc. 5-2, p. 41).

Petitioner filed his present petition for writ of habeas corpus alleging that his indefinite detention is unconstitutional. He is seeking immediate release. (Doc. 1).

**II. Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Continued detention beyond the mandated 90-day removal period is authorized, but only as long as "reasonably necessary" to effectuate removal from the country. Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized." Id. at 699. "The [Zadvydas] Court further held that the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is '"no significant likelihood of removal in the reasonably foreseeable future."'" Clark v. Martinez, 543 U.S. 371, 125 S.Ct. 716, 722 (2005)(quoting Zadvydas, 533 U.S. at 701).

Singh failed to meet his burden under Zadvydas of showing that removal is unlikely in the reasonable future. Singh's status was reviewed in May 2005 and September 2005. Both times, it was concluded that Singh was a threat to the community if released. In addition, travel

documents were requested from the Consulate of India and the process to verify Singh's identity was ongoing. It was noted that "[t]hat the government of India regularly issues documents to effect the repatriation of nationals." (Doc. 5-2, p. 41).

Singh contends that he has contacted the Indian Embassy, and was informed that they will not issue travel documents and that "they don't understand why he is being detained." (Doc. 8, 4). However, Singh has produced no documentary evidence from the Indian Embassy, or anyone connected with the government of India to substantiate his assertion that travel documents will not be issued. Under Zadvydas, Singh must provide "good reason" to believe there is no likelihood of removal, 533 U.S. at 701, and Singh has failed to make the showing here. Accordingly, Singh's removal from the United States remains reasonably foreseeable and his petition will be denied. Singh is free to file another § 2241 petition should he develop good reason to believe that removal is no longer reasonably foreseeable.

The court cautions ICE that, while we cannot say on the current record that "there is no significant likelihood of removal in the reasonably foreseeable future," Zadvydas, 533 U.S. at 701, at some point in time, the inability of ICE to obtain travel documents may provide "good reason" to believe the removal is unlikely to be carried out. There is no evidence of record that Singh has refused to cooperate in procuring travel documents. Nor has ICE explained or documented any recent steps taken to procure such papers. "For detention to remain reasonable, as the period for confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink." Id. Due to these concerns, ICE will be directed to conduct

an additional custody review within sixty days and notify the court of the outcome.

**AND NOW**, to wit, this 28th day of December 2005, **IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus is DENIED without prejudice to Singh to file another § 2241 petition should he develop good reason to believe that removal is no longer reasonably foreseeable.

2. ICE is directed to conduct a custody review within sixty days of the date of this Memorandum and notify the court of the outcome.

3. The Clerk of Court is directed to CLOSE this case.

**BY THE COURT:**

/s/ JUDGE JAMES M. MUNLEY
United States District Court

5